UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-----------------------------------------------------------------------X

TERRI MEISENHEIMER,

                Plaintiff,

        - against -

DEREK J. DRISCOLL and CALYX, LLC,

                Defendants,

-----------------------------------------------------------------------X

**COMPLAINT**

Civil Action No.:

JURY TRIAL DEMANDED

Plaintiff TERRI MEISENHEIMER, by and through her attorneys, Napoli Shkolnik, PLLC, hereby file the Complaint herein, and respectfully sets forth and alleges the following:

## NATURE OF THE ACTION

1. This is a civil action seeking compensatory damages from the defendants DEREK J. DRISCOLL and CALYX, LLC as a result of the bodily harm resulting to plaintiff from defendants' negligence relating to an October 17, 2019 automobile accident.

## JURISDICTION AND VENUE

2. This action is based upon diversity of citizenship under the provisions of Title 28 of the United States Code, 28 U.S.C. § 1332.

3. The injured plaintiff was and still is a resident of Worcester County, Commonwealth of Massachusetts. Defendant DEREK J. DRISCOLL was and still is a resident of Providence County, Rhode Island. Defendant CALYX, LLC was and still is a domestic limited liability company organized and existing under and by virtue of the laws of the State of Rhode Island.

4. This cause of action arises out of a tort which occurred in Worcester County, Commonwealth of Massachusetts. Venue is properly laid in the District of Massachusetts under 28 U.S.C. § 1391(b)(2).

5. This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) as the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

6. By filing this Complaint in this District, however, Plaintiff does not waive the right to transfer this case to any other appropriate district at the conclusion of pretrial proceedings.

**JURY DEMAND**

7. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. R. 38(b).

**PARTIES**

8. That at all times hereinafter mentioned, plaintiff was and still is a resident of Worcester County, Commonwealth of Massachusetts.

9. That at all times hereinafter mentioned, Defendant DEREK J. DRISCOLL was and still is a resident of Providence County, Rhode Island. Defendant CALYX, LLC was and still is a domestic limited liability company organized and existing under and by virtue of the laws of the State of Rhode Island.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFFS: NEGLIGENCE**

10. On Thursday, October 17, 2019, and at all times herein mentioned, defendant DEREK J. DRISCOLL was the registered owner of a 2011 GMC motor vehicle, bearing Rhode Island Registration Number 50146.

11. On October 17, 2019, defendant DEREK J. DRISCOLL was the registered owner of the aforesaid 2011 GMC motor vehicle, bearing Rhode Island Registration Number 50146.

12. On October 17, 2019, defendant DEREK J. DRISCOLL maintained the aforesaid 2011 GMC motor vehicle, bearing Rhode Island Registration Number 50146.

13. On October 17, 2019, defendant DEREK J. DRISCOLL managed the aforesaid 2011 GMC motor vehicle, bearing Rhode Island Registration Number 50146.

14. On October 17, 2019, defendant DEREK J. DRISCOLL inspected the aforesaid 2011 GMC motor vehicle, bearing Rhode Island Registration Number 50146.

15. On October 17, 2019, defendant DEREK J. DRISCOLL leased the aforesaid 2011 GMC motor vehicle, bearing Rhode Island Registration Number 50146.

16. On October 17, 2019, defendant DEREK J. DRISCOLL was the lessee of the aforesaid 2011 GMC motor vehicle, bearing Rhode Island Registration Number 50146.

17. On October 17, 2019, defendant DEREK J. DRISCOLL was responsible for the repair and maintenance of the aforesaid 2011 GMC motor vehicle, bearing Rhode Island Registration Number 50146.

18. On October 17, 2019, defendant DEREK J. DRISCOLL controlled the aforesaid 2011 GMC motor vehicle, bearing Rhode Island Registration Number 50146.

19. On October 17, 2019, defendant DEREK J. DRISCOLL operated the aforesaid 2011 GMC motor vehicle, bearing Rhode Island Registration Number 50146.

20. On October 17, 2019, defendant DEREK J. DRISCOLL operated the aforesaid 2011 GMC motor vehicle, bearing Rhode Island Registration Number 50146 on Blackstone Street at or near its intersection with Summer Street, Town of Blackstone, Worcester County, Commonwealth of Massachusetts.

21. On Thursday, October 17, 2019, and at all times herein mentioned, defendant CALYX, LLC was the registered owner of a 2011 GMC motor vehicle, bearing Rhode Island Registration Number 50146.

22. On October 17, 2019, defendant CALYX, LLC was the registered owner of the aforesaid 2011 GMC motor vehicle, bearing Rhode Island Registration Number 50146.

23. On October 17, 2019, defendant CALYX, LLC maintained the aforesaid 2011 GMC motor vehicle, bearing Rhode Island Registration Number 50146.

24. On October 17, 2019, defendant CALYX, LLC managed the aforesaid 2011 GMC motor vehicle, bearing Rhode Island Registration Number 50146.

25. On October 17, 2019, defendant CALYX, LLC inspected the aforesaid 2011 GMC motor vehicle, bearing Rhode Island Registration Number 50146.

26. On October 17, 2019, defendant CALYX, LLC leased the aforesaid 2011 GMC motor vehicle, bearing Rhode Island Registration Number 50146.

27. On October 17, 2019, defendant CALYX, LLC was the lessee of the aforesaid 2011 GMC motor vehicle, bearing Rhode Island Registration Number 50146.

28. On October 17, 2019, defendant CALYX, LLC was responsible for the repair and maintenance of the aforesaid 2011 GMC motor vehicle, bearing Rhode Island Registration Number 50146.

29. On October 17, 2019, defendant CALYX, LLC controlled the aforesaid 2011 GMC motor vehicle, bearing Rhode Island Registration Number 50146.

30. On October 17, 2019, defendant CALYX, LLC operated the aforesaid 2011 GMC motor vehicle, bearing Rhode Island Registration Number 50146.

31. On October 17, 2019, defendant CALYX, LLC operated the aforesaid 2011 GMC motor vehicle, bearing Rhode Island Registration Number 50146 on Blackstone Street at or near its intersection with Summer Street, Town of Blackstone, Worcester County, Commonwealth of Massachusetts.

32. On October 17, 2019, plaintiff TERRI MEISENHEIMER was the operator of a 2015 Toyota motor vehicle, bearing Massachusetts Registration Number 111WDA, traveling at or near the intersection of Summer Street and Blackstone Street, a public way, in the Town of Blackstone, Worcester County, Commonwealth of Massachusetts.

33. On October 17, 2019, Summer Street and Blackstone Street in the Town of Blackstone, Worcester County, Commonwealth of Massachusetts, was and still is a public roadway and/or thoroughfare.

34. On October 17, 2019, defendants' 2011 GMC motor vehicle, bearing Rhode Island Registration Number 50146 collided with plaintiff's 2015 Toyota motor vehicle, bearing Massachusetts Registration Number 111WDA.

35. Upon information and belief, the aforementioned collision was proximately caused by the negligence, carelessness, recklessness, gross negligence, and gross negligence of the defendant, in the ownership, operation, and control of the aforementioned vehicle, without any negligence on the part of the plaintiff contributing thereto.

36. Defendant unreasonably endangered plaintiff in failing to properly steer, guide, manage and control his subject vehicle; in operating same at a rate of speed greater than was reasonable and proper at the time and place of the occurrence; in failing to apply the brakes or slow down or stop in such a manner as would have avoided the occurrence; in failing to have made adequate, and timely observation of, and response to, conditions then existing

at the place and time of the occurrence; in failing to observe signs and signals prevailing at the time and place of the occurrence; in failing to keep a proper look out when controlling the subject vehicle; in failing to properly maintain the subject motor vehicle; in failing to give adequate and timely signal, notice or warning of the approach of their vehicles; in failing to give any sign, signal, or warning to the plaintiff; in failing to properly inspect said motor vehicles; in failing to properly repair said motor vehicles; in improperly driving the subject motor vehicle and otherwise losing control of the subject vehicle, thereby causing the collision between the vehicles; in failing to stop; in failing to see what was there to be seen at the time of, and prior to the impact; in failing to drive the subject motor vehicle with reasonable care and diligence; in failing to properly and adequately apply the braking mechanism in an effective and safe manner or in failing to have same in proper working order; in failing to properly and adequately utilize the steering mechanism in an effective and safe manner or in failing to have same in proper working order; in failing to keep said motor vehicle in the proper lane of traffic; in failing to sound the horn or otherwise warn of imminent impact; in carelessly and negligently failing to obey the traffic control devices then and there existing; in operating said vehicle in violation of the New York Vehicle and Traffic Law statute; in failing to avoid this collision although the defendant had a full opportunity to avoid same.

37. That as a result of the aforesaid collision, plaintiff sustained personal injuries, suffered great pain of body and mind and was obliged to incur expenses for medical care and attendance.

38. That by reason of the foregoing and the negligence of the defendant, this plaintiff is informed and verily believes the personal injuries sustained are permanent and she will permanently suffer from the effects of same.

39. That by reason of the foregoing, plaintiff was compelled to seek and obtain medical aid and attention and did necessarily pay and become liable therefore, for medicines and medical care, and upon information and belief, plaintiff will necessarily incur further similar expenses.

40. That by reason of the foregoing, plaintiff has been unable to attend her usual vocation and/or avocation in the manner required.

41. Said occurrence and resulting injuries occurred without any fault or wrongdoing on the part of the plaintiff contributing thereto.

## AS FOR THE SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF: NEGLIGENT ENTRUSTMENT

42. Plaintiff repeats, reiterates, and incorporates each and every allegation contained herein above in paragraphs "1" though "42" inclusive, with the same force and effect as if herein set forth at length.

43. That defendant CALYX, LLC hired and retained DEREK J. DRISCOLL without performing sufficient and appropriate investigation into his background as related to his driving record.

44. That defendant CALYX, LLC hired and retained DEREK J. DRISCOLL without performing sufficient and appropriate investigation into his background as related to his driver's license record.

45. That defendant CALYX, LLC hired and retained DEREK J. DRISCOLL without performing sufficient and appropriate investigation into his background as related to his propensity for careless/reckless driving.

46. That defendant CALYX, LLC hired and retained DEREK J. DRISCOLL despite knowing or having reason to know of his background as related to his propensity for careless driving.

47. That through his employment with defendant CALYX, LLC, and in particular at the times alleged herein, DEREK J. DRISCOLL was not sufficiently trained or disciplined with regard to the safe operation of a motor vehicle.

48. That through his employment with defendant CALYX, LLC, and in particular at the times alleged herein, DEREK J. DRISCOLL was not sufficiently supervised by defendant CALYX, LLC.

49. That by virtue of the foregoing, DEREK J. DRISCOLL presented an unwarranted and unreasonable danger to the public and to the plaintiff in particular.

50. That by virtue of the foregoing, defendant CALYX, LLC is liable to the plaintiffs for the negligent actions of DEREK J. DRISCOLL and all of the personal injuries suffered by plaintiff's resultant therefrom.

51. The actions of defendant CALYX, LLC constituted gross negligence, which warrants the awarding of exemplary damages to punish it for its wrongful conduct, protect the public against similar acts, deter it from a repetition of the same conduct, and serve as an example and warning to others.

52. That as a result of the foregoing, plaintiff TERRI MEISENHEIMER suffered personal injuries, suffered great pain of body and mind and was obliged to incur expenses for

medical care and attendance that will continue for the foreseeable future, all to this Plaintiff's damage in the sum of which amount sought exceeds jurisdictional limits.

### PRAYER FOR RELIEF

53. Plaintiff is entitled to compensatory damages and demands judgment against the defendant in a sum which exceeds the jurisdictional limits of all lower Courts which might otherwise have jurisdiction, together with the costs and disbursements of this action, in an amount exceeding $75,000.00.

**WHEREFORE**, plaintiff demands judgement against the defendants in the amount of Five-Million Dollars ($5,000,000.00) together with costs, disbursements, and attorney's fees of this action, and with interest from the date of this occurrence.

Dated: April 5, 2021
Clinton, Massachusetts

Yours etc.,
**NAPOLI SHKOLNIK, PLLC**
/s/ Harold P. Naughton, Jr., Esq.
Napoli Shkolnik PLLC
Post Office Box 128
Clinton, MA 01510
Tel # (978) 852-3643
BBO# 559615
hnaughton@napolilaw.com